Robert T. Bell, Esq.
Lance P. Jasper, Esq.
REEP, BELL & JASPER, P.C.
P.O. Box 16960
Missoula, Montana 59808
Telephone:  (406) 541-4100
Facsimile:  (406) 541-4101
Email:   bell@westernmontanalaw.com
Email:   jasper@westernmontanalaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RYAN KEITH VAN KERKHOVE, | ) Dept. No.: |
| | ) Cause No.: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND** |
| SEAN A. FREZZA, and SCHNEIDER NATIONAL CARRIERS INC, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants, | ) |

COMES NOW Plaintiff, Ryan Keith Van Kerkhove, by and through his counsel of record, Robert T. Bell and Lance P. Jasper of the law firm of Reep, Bell & Jasper, P.C., and for his cause of action against Defendant, Sean A. Frezza and Defendant Schneider National Carriers, Inc., states and alleges as follows:

## PARTIES

1. This case involves an accident occurring in Missoula County on or

about January 6, 2022, which severely injured Plaintiff Ryan Keith Van Kerkhove. Plaintiff Ryan Keith Van Kerkhove who, at all times relevant to this cause of action, is a resident and citizen of Missoula County, Montana.

2. Upon information and belief, Defendant Sean A Frezza ("Defendant Frezza") was, at all times relevant hereto, a resident and citizen of Fort Worth, Texas. Defendant Frezza is an employee and officer of Defendant Schneider National Carriers, Inc.

3. Upon information and belief, Defendant Schneider National Carriers, Inc., ("Defendant SNC") is a Wisconsin Corporation and citizen with its headquarters being located at 3101 S Packerland Dr, Green Bay, Wisconsin 54313. At all times relevant, it was a commercial motor carrier operating in interstate commerce with U.S. DOT operating authority, USDOT number 264184.

4. This is a personal injury action arising out of a car accident that occurred in the westbound lanes of Interstate 90 near mile marker 84, in Missoula County, Montana.

## STATEMENT OF JURISDICTION

5. Plaintiff repeats, re-alleges, and incorporates Paragraphs 1 through 4 of this Complaint as if fully set forth herein and further alleges:

6. This case is brought under 28 U.S.C. §1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of Montana and Defendants

are each citizens of other states, and the amount in controversy (exclusive of interest and costs) exceeds $75,000, diversity jurisdiction exists in this Court.

## BACKGROUND FACTS

7. Plaintiff repeats, re-alleges, and incorporates Paragraphs 1 through 6 of this Complaint as if fully set forth herein and further alleges:

8. On January 6, 2022, at approximately 11:30 p.m., Ryan Keith Van Kerkhove ("Trooper Van Kerkhove"), a Montana Highway Patrol Trooper was on-duty and was investigating a previous crash in the westbound lanes of Interstate 90 near mile marker 84 in Missoula County, Montana.

9. While investigating, Trooper Van Kerkhove had his emergency lights activated and the fire truck that was also on scene had their emergency lights and flares set on the center line.

10. Defendant Frezza, while an employee and officer of Defendant SNC, was also traveling westbound on Interstate 90 and drove too fast for traffic conditions consciously refusing to slow down for the emergency responders who were on scene and in plain view of motorists on the highway.

11. Defendant Frezza applied his brakes after entering the accident scene, causing his rear trailer to lose traction and travel outside of its lane. It then collided with the vehicle driven by Trooper Van Kerkhove. At the time, Defendant Frezza was acting within the course and scope of his employment and/or agency with

Defendant SNC.

12. Trooper Van Kerkhove was not negligent in any way and was lawfully and safely investigating the previous crash when struck by Defendants' vehicle.

13. Trooper Van Kerkhove suffered physical injuries in the wreck.

14. As a result of Trooper Van Kerkhove's injuries, he has incurred and will continue to incur medical expenses, continue to suffer physical pain and discomfort, mental anguish, and loss of income.

15. Trooper Van Kerkhove's injuries have curtailed his established lifestyle and deprived him of the enjoyment thereof and left him susceptible to degenerative problems and continuing damages.

16. Trooper Van Kerkhove did nothing to cause or contribute to the cause of the wreck.

### FIRST CAUSE OF ACTION
(Negligence *of all Defendants*)

17. Plaintiff repeats, re-alleges, and incorporates Paragraphs 1 through 16 of this Complaint as if fully set forth herein and further alleges:

18. Defendants owed a duty of care to operate their motor vehicle in a safe and responsible manner, including obeying traffic laws, yielding for emergency personnel, and exercising reasonable care to avoid collisions.

19. Defendants breached this duty of care by negligently and recklessly driving through the crash scene without slowing down or exercising reasonable care, thereby causing the collision with Trooper Van Kerkhove's vehicle.

20. As a direct and proximate result of Defendants' negligence, Trooper Van Kerkhove suffered injuries and damages, both general and special.

## SECOND CAUSE OF ACTION
(Negligence Per Se *of all Defendants*)

21. Plaintiff repeats, re-alleges, and incorporates Paragraphs 1 through 20 of this Complaint as if fully set forth herein and further alleges:

22. Defendant Frezza had a duty to operate his vehicle in a safe and controlled manner under Montana Code Ann §§ 61-8-302. This statute was enacted for the purpose of promoting public safety, and Trooper Van Kerkhove was within the class of persons the statues were designed to protect.

23. Defendant Frezza breached this duty by operating his vehicle in willful and wanton disregard for Trooper Van Kerkhove's safety in violation of Mont. Code Ann. § 61-8-302 and in losing control of his vehicle, causing it to leave the roadway.

24. Trooper Van Kerkhove's injuries are the sort of injury § 61-8-303(3) Mont. Code Ann., was enacted to prevent.

25. Mont. Code Ann. § 60-8-303(3) was intended to regulate drivers such

as Defendant Frezza.

26. Defendant Frezza's violations of the Montana Code constitute negligence per se.

27. Defendant Frezza's violation of § 60-8-303(3) Mont. Code Ann., was a direct and proximate cause of injuries to Trooper Van Kerkhove.

28. As a result of Defendant Frezza's violation of § 60-8-303(3) Mont. Code Ann., Trooper Van Kerkhove suffered serious personal injuries, for which he is entitled to damages, general and special.

### THIRD CAUSE OF ACTION
(Exemplary Damages *against all Defendants*)

29. Plaintiff repeats, re-alleges, and incorporates Paragraphs 1 through 28 of this Complaint as if fully set forth herein and further alleges:

30. Plaintiff and the firemen on scene not only had their emergency lights activated but had placed an emergency flare was placed on the center line, marking it a work and safety zone.

31. Nevertheless, Defendant Frezza, who during the course and scope of this accident was acting as an agent of Defendant SNC, was indifferent to the emergency personnel. He proceeded through the scene too fast and did not apply his brakes until he was well into the work and safety zone. Defendant Frezza acted with actual malice against first responders like Trooper Van Kerkhove and the

firemen on scene by intentionally ignoring emergency personnel and their safety.

32. Defendants acted with actual malice against Plaintiff by intentionally disregarding facts that created a high probability of injury and deliberately proceeded to act with indifference to the high probability of injury to Plaintiff and any other persons foreseeably on the roadway.

33. As a result of the Defendants' actual malice, Plaintiff suffered serious physical and emotional injuries, which resulted in damage to Plaintiff.

34. Defendants are thus guilty of actual malice within the meaning of Mont. Code Ann § 27-1-221. As such, an award of exemplary damages against each or both is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan Keith Van Kerkhove respectfully requests that this Court enter judgment in his favor and against Defendant Sean A. Frezza and Defendant Schneider National Carriers Inc., and grant the following relief:

a. For judgment in favor of Plaintiff and against Defendants for Plaintiff's injuries and damages, compensatory, special, and general;

b. For exemplary damages; and

c. For such further and other relief as the Court deems just and proper.

//

//

DATED this 6th day of February 2024.

REEP, BELL & JASPER, P.C.

By: _____
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 6th day of February 2024.

REEP, BELL & JASPER, P.C.

By: _____
Attorneys for Plaintiffs